UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES LEROY SKUNKCAP,<br><br>                    Petitioner,<br><br>    v.<br><br>STATE OF IDAHO ATTORNEY<br>GENERAL LAWRENCE WASDEN,<br><br>                    Respondent. | Case No. 1:14-cv-545-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner James Leroy Skunkcap's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Partial Summary Dismissal. (Dkt. 11.) Petitioner has filed a response to the Motion, as well as a Motion for Appointment of Counsel. (13, 14.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 9.) Having carefully reviewed the record, including the state court record, the Court finds

**MEMORANDUM DECISION AND ORDER - 1**

that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Partial Summary Dismissal and dismissing Claims 1, 2(b)[1], and 4 with prejudice.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on June 3, 2015. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The facts underlying Petitioner's multiple convictions are set forth clearly and accurately in *State v. Skunkcap*, 335 P.3d 561 (Idaho 2014), which is contained in the record at State's Lodging B-15. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner's convictions arise from two separate criminal prosecutions in the Sixth Judicial District Court in Bannock County, Idaho.[2] In Case No. CR-2006-22110-FE ("the theft case"), Petitioner was convicted of grand theft. This conviction arose from Petitioner's theft of two saddles from a store on November 13, 2006. (State's Lodging B-15 at 4-5.) Petitioner pleaded guilty to a persistent violator sentencing enhancement. (*Id.*)

---

[1]  Claim 2 and Claim 4 both assert two sub-claims. Though Petitioner did not separate Claims 2 and 4 into their respective sub-claims, Court has identified those sub-claims with alphanumeric references for convenience.

[2]  Although Petitioner asserts that his Petition encompasses only Case No. CR-2006-20842-FE (Dkt. 3 at 1-2), Claim 5 asserts constitutional violations in Case No. CR-2006-22110-FE. *See* note 5, *infra*.

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner received a unified sentence of 18 years in prison, with 8 years fixed, on the grand theft conviction. (State's Lodging A-2 at 308.)

In Case No. CR-2006-20842-FE ("the eluding case"), Petitioner was convicted of (1) felony attempting to elude a police officer, (2) misdemeanor malicious injury to property,[3] and (3) misdemeanor assault. (State's Lodging B-15 at 4.) These convictions were based on Petitioner's attempt to evade arrest on November 14, 2006 (the day after Petitioner stole the saddles). Petitioner pleaded guilty to a persistent violator sentencing enhancement. He received a unified sentence of 18 years in prison with 8 years fixed on the eluding an officer conviction. (State's Lodging A-2 at 307.) With respect to the misdemeanor convictions of malicious injury to property and assault, Petitioner was sentenced to sixth months and three months in jail, respectively. (*Id*. at 306.) With credit for time served, Petitioner received no additional jail time on the misdemeanor convictions. (*Id*.)

The trial court later allowed Petitioner to withdraw his guilty plea to the sentencing enhancement in the eluding case, based on erroneous information Petitioner had received regarding his potential sentence prior to entry of the plea. (State's Lodging B-15 at 5.) A jury then found Petitioner guilty of the persistent violator enhancement in the eluding case. Petitioner was resentenced (by a different judge) to 7 years in prison "for the crime of PERSISENT [sic] VIOLATOR." (*Id*. at 6 (alteration in original).) Petitioner moved for a reduction in sentence under Idaho Criminal Rule 35, arguing that

---

[3]      The jury initially convicted Petitioner of *felony* malicious injury to property. However, the trial court reduced this conviction to a misdemeanor based on the lack of evidence that Petitioner had caused more than $1,000 worth of damage. (State's Lodging B-15 at 4.)

**MEMORANDUM DECISION AND ORDER - 3**

being a persistent violator was merely a sentencing enhancement, not a separate crime.

The resentencing judge agreed and imposed the original sentence on the enhanced

eluding conviction (18 years with 8 years fixed), to be served consecutively to

Petitioner's felony sentence in the theft case. (*Id.*)

Petitioner appealed his convictions in both cases. The Idaho Court of Appeals

affirmed all of Petitioner's convictions except the misdemeanor conviction for malicious

injury to property. (State's Lodging B-6.) On the injury to property conviction, the court

held that the trial judge's response to a question by the jury failed to properly convey the

requirement that, to be found guilty of the charge, a defendant must have had the specific

intent to injure property. (*Id.* at 6.)

Petitioner sought review with the Idaho Supreme Court. (State's Lodging B-7.)

That court granted review and upheld all of Petitioner's convictions. (State's Lodging B-

15.) The Idaho Supreme Court agreed with the court of appeals that the jury had not been

properly instructed on the charge of malicious injury to property, but held that the error

was harmless.[4] (*Id.* at 11-12.)

In the instant federal habeas corpus petition, Petitioner asserts the following

claims:

> Claim 1:         That the trial court erred by failing to properly instruct
> the jury in response to a juror's question regarding the
> charge of malicious injury to property in the eluding
> case.

---

[4]      The Idaho Supreme Court withdrew its initial opinion and filed a substitute opinion after
Petitioner filed a petition for rehearing. (State's Lodging B-12 to B-15.) The Court's explanation of the
Idaho Supreme Court's decision is taken from the substitute opinion.

**MEMORANDUM DECISION AND ORDER - 4**

| Claim 2: | That, in the eluding case, the trial court erred by instructing the jury, with respect to (a) the charge of eluding a police officer, and (b) the charge of assault, in a manner that allegedly "relieved the State of its constitutional burden of proof." |
|---|---|
| Claim 3: | That Petitioner's due process rights were violated, in the eluding case, when a prosecutor committed misconduct by allowing a police officer witness to give "irrelevant, non-responsive testimony designed to appeal to the passions and prejudices of the jury." |
| Claim 4: | That Petitioner's rights to due process and to be free from cruel and unusual punishment were violated when (a) he was subjected to an illegal sentence, based on his conviction for eluding a police officer, because after the withdrawal of Petitioner's guilty plea to the enhancement, he was "never resentenced," and (b) the trial court resentenced Petitioner on the eluding conviction in Petitioner's absence. |
| Claim 5: | That, in the theft case,[5] the prosecutor committed misconduct in violation of the Due Process Clause and the Fifth Amendment's guarantee against compelled self-incrimination by "intentionally eliciting testimony from a police officer regarding [Petitioner's] decision to exercise his right to remain silent." |

(Pet. Dkt. 3, at 2-6.)

## PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Petitioner seeks the appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for

---

[5] Claim 5 supports the Court's conclusion that Petitioner is using the instant Petition to challenge convictions in both of his underlying state cases. Petitioner was convicted of grand theft of the two saddles in Case No. CR-2006-22110-FE, and the testimony challenged by Petitioner in Claim 5 was offered by Detective Ian Nelson in that theft case. (State's Lodging A-6 at 402-26.) Petitioner's other four habeas claims challenge his convictions in Case No. CR-2006-20842-FE, the eluding case.

**MEMORANDUM DECISION AND ORDER - 5**

effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases ("Habeas Rules"). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Prior to reaching the merits of the claims in the Petition, the Court must address two narrow procedural issues—whether the Court has jurisdiction over Petitioner's federal claims and whether Petitioner's claims are subject to summary dismissal as procedurally defaulted—for which appointment of counsel is not required. Further, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date. The Court understands that Petitioner does not have legal training or legal resources. Therefore, the Court independently reviews the case citations and references provided by the state for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by the State apply. Finally, the appellate review process before the United States Court of Appeals for the Ninth Circuit is available to ensure that the case has been adjudicated according to the proper legal standards. For these reasons, the Court will deny Petitioner's request for counsel.

## DISCUSSION

Respondent argues that that the Court lacks jurisdiction over Claims 1 and 2(b)— claims challenging his misdemeanor convictions—because, at the time the Petition was

filed, Petitioner was no longer in custody on the misdemeanor convictions. Respondent also argues that Claims 1, 2(b) and 4 are procedurally defaulted. For the reasons set forth below, the Court concludes that Claims 1, 2(b), and 4 are subject to summary dismissal.

1.      **Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

2.      **The Court Lacks Jurisdiction over Claims 1 and 2(b)**

Claim 1 challenges Petitioner's misdemeanor conviction for malicious injury to property. Claim 2 challenges Petitioner's misdemeanor conviction for assault. On these charges, Petitioner was sentenced to sixth months and three months in jail, respectively. (State's Lodging A-2 at 306.) With credit for time served, Petitioner had already fully served his sentences for these misdemeanor charges by the time the trial court entered judgment. (*Id.*)

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 must "be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). That is, habeas corpus is conviction-specific, and a petitioner cannot bring a habeas challenge to a conviction if his or her sentence on that conviction has already expired at the time the petition is filed, even if the Petitioner is still "in custody" pursuant to a judgment on a different

**MEMORANDUM DECISION AND ORDER - 7**

conviction. That is the case here—Petitioner had fully served his sentences for his misdemeanor convictions long before he filed the instant Petition.

Petitioner argues that claims relating to his misdemeanor convictions are not subject to dismissal because he "has been continuously incarcerated[,] . . . all of the charges were combined[,] . . . [and] [Petitioner] is still serving time in part, due to the misdemeanor charges." (Dkt. 13 at 2.) However, the United States Supreme Court has already foreclosed the argument that a federal court has the power to entertain a challenge to a previous conviction if the sentence has been fully served, even if that previous conviction is used to enhance the punishment of a later conviction. *See Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001).

In *Lackawanna County*, the Court concluded that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id*. at 403. The Court went on to hold that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id*. at 403-04. An exception to this general rule exists only when the petitioner was not afforded his constitutional right to counsel in the proceedings that led to the prior conviction. *Id*. at 404.

**MEMORANDUM DECISION AND ORDER - 8**

In this case, Petitioner had long since completed his misdemeanor sentences for malicious injury to property and for assault at the time he filed his Petition. He does not allege that he was deprived of the assistance of counsel, or that he did not have an opportunity to challenge his convictions in the state court system. Therefore, Petitioner cannot reach through the back door of his felony convictions to re-examine the legality of his misdemeanor convictions, even if his current incarceration on the felony convictions was extended as a result of a sentencing enhancement based on the misdemeanor convictions. Claims 1 and 2(b) will be dismissed for lack of jurisdiction.

3.      **Claim 4 is Subject to Summary Dismissal as Procedurally Defaulted**

   A.      *Standard of Law Governing Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more,

**MEMORANDUM DECISION AND ORDER - 9**

does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). In *Duncan v. Henry*, the United States Supreme Court clarified that state appellate courts must not be left to guess whether a petitioner is presenting a federal constitutional issue:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

513 U.S. at 356-66.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**MEMORANDUM DECISION AND ORDER - 10**

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### B.    *Claim 4 is Procedurally Defaulted*

In Claim 4, Petitioner asserts that his Eighth and Fourteenth Amendment rights were violated when (a) he was illegally resentenced on the conviction for eluding a police officer because he was never actually resentenced after the withdrawal of his guilty plea to the sentencing enhancement, and (b) the trial court resentenced Petitioner on the eluding conviction without Petitioner being present.

With respect to Claim 4(a), Petitioner raised a similar claim in state court. However, Petitioner's argument—that his sentence on the eluding an officer conviction was illegal as a result of the withdrawal of his guilty plea—was based entirely on the trial court's alleged "misapprehension" that it did not have authority, under state law, to resentence Petitioner. (State's Lodging B-8 at 70-66.) Petitioner did not cite a federal constitutional provision, nor did he cite to federal case law supporting his contention. *See Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005); *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001). Rather, Petitioner cited Idaho cases and Idaho procedural rules for the proposition that the trial court erred in resentencing him following the withdrawal of his guilty plea. None of the state law

**MEMORANDUM DECISION AND ORDER - 11**

cases cited by Petitioner in his state appellate briefing "engage[d] in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005). Therefore, Petitioner did not present Claim 4(a) as a federal claim in the state courts, and that claim is procedurally defaulted.

Petitioner acknowledges that Claim 4(b)—that his constitutional rights were violated when he was resentenced on the eluding conviction in his absence—has never been presented to the state courts. (Dkt. 3 at 7.) Because there is no longer any means by which Petitioner could raise this claim in state court, Claim 4(b) is procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

### C.    *Petitioner Has Not Established Cause and Prejudice to Excuse the Procedural Default of Claim 4*

The Court's conclusion that Claim 4 is procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**MEMORANDUM DECISION AND ORDER - 12**

Petitioner does not argue that he is actually innocent. With respect to cause and prejudice, Petitioner appears to suggest that his attorney rendered ineffective assistance in (1) failing to raise Claim 4(a) as a federal claim in the state appellate courts, and (2) failing to raise Claim 4(b) at all. (Dkt. 13 at 2-3.)

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel can, under certain circumstances, constitute cause for a procedural default. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel ("IAC") to serve as cause to excuse the procedural default of habeas claims, the IAC claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.")

**MEMORANDUM DECISION AND ORDER - 13**

If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

Petitioner does not assert that he raised an IAC claim in state court, nor has he provided any facts that would allow the Court to conclude that he is excused from exhausting the IAC claim. Further, Petitioner has not provided any support for his assertion that his attorney rendered constitutionally ineffective assistance. Therefore, Petitioner has not established cause and prejudice to excuse the default of Claim 4.

## CONCLUSION

Claims 1 and 2(b) are subject to summary dismissal for lack of jurisdiction, and Claim 4 is subject to summary dismissal as procedurally defaulted. Therefore, the Court will grant Respondent's Motion for Partial Summary Dismissal and dismiss Claims 1, 2(b) and 4 with prejudice.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion for Appointment of Counsel (Dkt. 14) is DENIED.

2.      Respondent's Motion for Partial Summary Dismissal (Dkt. 11) is GRANTED. Claim 1, Claim 2(b), and Claim 4 are DISMISSED with prejudice.

3.      Respondent shall file an answer to the remaining claims—Claims 2(a), 3, and 5—**within 90 days** of the date of this Order. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after

**MEMORANDUM DECISION AND ORDER - 14**

service of the answer and brief. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case will be deemed ready for a final decision.



DATED:  **November 10, 2015**

_____
Honorable Ronald E. Bush
United States Magistrate Judge